# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| TREVEON JACKSON | CIVIL ACTION NO. 23-1309-P |
| VERSUS | JUDGE HICKS |
| CADDO PARISH SHERIFFS OFFICE, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff TreVeon Jackson ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on September 20, 2023. He is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana, and claims his civil rights were violated by prison officials. He names the Caddo Parish Sheriffs Office, Nurse Newton, and ERT Riley as defendants.

Plaintiff takes Vistaril for anxiety. On August 25, 2023, Nurse Newton gave him his medication. He informed the staff that the medication did not taste like his medication. He claims Nurse Newton informed him that he had been given the medication prescribed for another inmate who took Depakote 500 mg and Abilify 20 mg. He claims Nurse

Newton lied to him and told him that she gave him Benadryl so he would not pursue the matter.

Plaintiff claims that approximately 30 minutes after taking the wrong medication, he started to feel ill.  He had sharp pains in his stomach and felt lightheaded and dizzy.  He asked Deputy Daniels to call the medical staff.  He claims ERT Deputy Riley came and checked his vitals.  He claims he must have passed out because he woke up on the ground. Plaintiff claims ERT Deputy Riley informed Nurse Newton that there was nothing wrong with him and he was faking.

Plaintiff claims he should have been taken to the medical department for a complete examination.  He claims that when he passed out, he could have hit his head even though he does not remember doing so.  He also claims he could have had an allergic reaction.

Plaintiff claims the Caddo Parish Sheriff's Office failed to adequately train its employees regarding inmate safety.

Accordingly, Plaintiff seeks monetary compensation.

## LAW AND ANALYSIS

### Medical Claims

Plaintiff claims he was given the wrong medication and denied adequate medical treatment.  He filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law.  The particular right protected under 42 U.S.C. § 1983 in

matters which concern alleged denial of, or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.[1]

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994).  It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976).  Further, the plaintiff must establish that the defendants possessed a culpable state of mind.  See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84.  In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference

---

[1] It is unclear if Plaintiff is a pretrial detainee or a convicted detainee.  However, there is no significant distinction between pretrial detainees and convicted inmates concerning basic human needs such as medical care. See Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir.1996) (en banc); Gibbs v. Grimmette, 254 F.3d 545, 548 (5th Cir. 2001).

to serious medical needs.  Plaintiff does not allege that Nurse Newton intentionally gave him the wrong medication.  Furthermore, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff.  It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs.  Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). Plaintiff admits Deputy Daniels called the medical staff and ERT Deputy Riley checked his vitals.  Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton."

Plaintiff disagrees with the treatment Defendants provided him.  He claims he should have been taken to the medical department for a complete examination.  As previously discussed, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort.  However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988).  The fact that Plaintiff does not believe that his medical

treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act.  See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's medical claims should be dismissed with prejudice as frivolous.

**Caddo Parish Sheriff Office**

Plaintiff names the Caddo Parish Sheriff Office as a defendant and alleges it failed to properly train its employees regarding safety.  A parish sheriff's office is not a legal entity capable of being sued.  Cozzo v. Tangipahoa Parish Council, 279 F.3d 273 (5th Cir.1/10/02).  Thus, the Caddo Parish Sheriff Office is not a proper defendant.

Accordingly, the Caddo Parish Sheriff Office should be dismissed from this action with prejudice.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law

or in fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e).

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 2nd day of February, 2024.

Mark L. Hornsby
U.S. Magistrate Judge